CASE 39—PETITION ORDINARY—MARCH 21.

# Bank of Louisville v. Hurt, &c.

### APPEAL FROM ADAIR CIRCUIT COURT.

1. DAMAGES AGAINST A SHERIFF FOR FAILING TO RETURN AN EXECU-
TION.—The constructive effect of the act of August 28, 1862, is to
exonerate a sheriff or other like officer from the thirty per cent.
damages for not returning executions in the time prescribed by law
on so much of the debt, and only so much, as he shall have paid,
and when payment is partial to substitute a limited fine for the
percentage on that amount.
2. The fine under said act of August 28, 1862 (Myers's Supplement, 213),
can not be assessed by a jury, but is imposed only by the court.

GARNETT & BAKER, }
OWSLEY & BURDETT, }  . . . . . . . . For Appellant,

CITED

Ms. Opinion, December 10, 1864, Bradley v. Cobb
Gwynne on Sheriffs, 211, 219.
Revised Statutes, 1 Stanton, 479.
Revised Statutes, Myers's Supplement, 213.
Session Acts, 1861-3, pages 83, 84, 90.
Act of December 20, 1865, Myers's Supplement, 755.
8 B. Monroe, 303, McBurnie v. Overstreet.
2 Marshall, 566, Conover v. Commonwealth.
1 Denio, 335, Carpenter v. Matthews.
2 Metcalfe, 427, Goodrum v. Root.
4 Bush, 64, Tiffany v. Hurt.
1 Duvall, 7, Collins, &c. v. Higgins.
16 Johnson's Reports, 288.
14 Ohio Reports, 545, Starr v. Fuller.

RUSSELL & AVRITT, . . . . . . . . . For Appellees,

CITED

Revised Statutes, secs. 3, 4, chap. 36, 1 Stanton, 479.
Gwynne on Sheriffs, 210.
Revised Statutes, Myers's Supplement, 213, 755.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

After a careful reconsideration of this case this court re-adopts the following opinion, affirming the judgment of the lower court, delivered by Judge ROBERTSON on the 5th of February, 1870.

"This action against the appellee Hurt, as sheriff of Adair, and the other appellees as his sureties, for failing to make the amount of an execution in his hands in the appellant's favor against McWhorter, &c., and also for failing to return the execution, resulted in a verdict and judgment against the appellant.

"For failing to make the money the defense was in effect a suspension of the execution by the appellant's attorney; and on conflicting testimony as to the character and effect of that interference, the verdict on that issue should not be disturbed, and the judgment is so far approved.

"But for failing to return the execution the appellant claims thirty per cent. damages; and a part of the execution having been collected and paid over, the amount of these damages is regulated by an act of 1862 (Myers's Supp. 213),.entitled 'An act to amend article 18, chapter 36, section 4, of the Revised Statutes.' This enactment provides 'that the above section be so amended that sheriffs,' etc., 'shall not be made responsible for the thirty per cent. damages for not returning executions in the time prescribed by law, if at the commencement of the proceeding said officer had fully paid the plaintiff; or if said execution had been partly paid, then they should be responsible for damages only on the part remaining unpaid; and in lieu of the damages heretofore given, but changed and repealed by this act, they shall be liable to a penalty of not less than ten nor more than one hundred dollars, at the discretion of the court, for failing to return execution in the time prescribed by law.'

"The whole legislative intent of this provision is not as

clear as it might have been made; but we are satisfied that the constructive effect of the act is to exonerate the officer from the penal percentage on so much of the debt, and only so much, as he shall have paid; and when, as in this case, the payment is partial, to substitute a limited fine for the percentage on that amount.

"The fine could be imposed by the court alone.   The jury had no right to assess it, and they had a right to withhold the thirty per cent. on the uncollected amount of the execution if, as they decided, the sheriff's action on the execution was suspended by the appellant's attorney; for the evidence on which they so found extended the suspension more than thirty days beyond the return-day of the execution, and the sheriff being thus exonerated from damages for failing to return in thirty days, he was thereby relieved of statutory liability for not returning at all.   The jury seems to have consistently so found.   And the question as to a fine having been submitted to the jury by the appellant's counsel, he can not complain in this court of the verdict merely because it was the province of the court, and not of the jury, to assess the fine.

"The verdict is sustained by the law and the facts, and the judgment is affirmed."